IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| GEOSHACK CANADA COMPANY, et al. | : | CASE NO. 3:19-cv-00158 |
| | : | |
| Plaintiffs, | : | DISTRICT JUDGE THOMAS M. ROSE |
| | : | |
| vs. | : | |
| | : | |
| DANIEL W. HENDRIKS | : | <u>STIPULATED PROTECTIVE ORDER</u> |
| | : | |
| Defendant. | : | |

WHEREAS, Plaintiffs Geoshack Canada Company and GNA Canadian Holding Company (collectively, "Geoshack Canada") and Defendant Daniel W. Hendriks ("Hendriks") (collectively, the "parties") recognize that, pursuant to discovery or otherwise during the course of the lawsuit between Geoshack Canada and Hendriks (the "lawsuit"), the parties may be required to disclose trade secret or other confidential research, development, or commercial, financial information within the meaning of Federal Rule of Civil Procedure 26(c); and

WHEREAS, the parties have, through counsel, stipulated to entry of this Stipulated Protective Order ("Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information.

THEREFORE, IT IS ORDERED that the following provisions of this Order shall control the disclosure, dissemination, and use of confidential information in the lawsuit:

1. All information and documents produced by the parties in the course of this lawsuit shall be used solely for the purpose of preparation and trial of this litigation and for

no other purpose whatsoever, and shall not be disclosed to any person[1] except in accordance with the terms of this Order.

2. A party may designate information or documents produced, used, or disclosed in connection with the lawsuit as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and subject to the protections and requirements of this Order, if so designated in writing to the other party, or orally if recorded as part of a deposition, pursuant to the terms of this Order.

    (a) Information and documents that a party in good faith believes contain or refer to information that is not generally available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations may be designated as "CONFIDENTIAL."

    (b) Information and documents that a party in good faith believes contain or refer to trade secrets or other confidential research, development, business or financial information, or other confidential commercial information, and that, if disclosed to a business competitor, would tend to damage the party's competitive position may be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Further, information and documents that have been previously shared among the parties to this litigation may not be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" except as provided in this Order.

---

[1] "Person" means natural persons, corporations, partnerships, joint ventures, unincorporated associations, and all other entities.

3. Any information or document designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used by the receiving party solely in connection with this lawsuit and shall not be disclosed to any person other than:

    (a) The Court, including court personnel, any court exercising appellate jurisdiction over this lawsuit, and employees and stenographers transcribing testimony or argument at a deposition;

    (b) Outside counsel of record for the parties and employees of such attorneys, paralegals, secretaries, and clerks to whom it is necessary that the material be shown for purposes of this litigation;

    (c) Actual or potential independent technical experts, consultants, investigators, or advisors of the parties who have signed a Declaration in the form of Exhibit A, attached;

    (d) Document contractors, exhibit contractors, graphic art contractors, and jury consultants to whom it is necessary that the material be shown for purposes of this litigation, and who have signed a Declaration in the form of Exhibit A, attached; and

    (e) Persons testifying in depositions to the extent the "CONFIDENTIAL - ATTORNEYS' EYES ONLY" document or information was authored by or addressed to the person testifying or such person is established as knowledgeable of such information or contents of the document prior to disclosing the information or document.

4. Any information or document designated as "CONFIDENTIAL" shall be used by the receiving party solely in connection with this lawsuit and shall not be disclosed to any person other than those persons listed under Paragraph 3 and listed in this Paragraph 4:

    (a) The parties in this lawsuit;

    (b) Corporate officers of a receiving party and in-house counsel of a receiving party, provided that:

        (i) such disclosure is necessary to the prosecution or defense of this lawsuit; and

        (ii) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons.

    (c) Any person who has had access to a document designated as "CONFIDENTIAL," as evidenced by the document itself, in that the document is to, from, or copied to such persons; and

    (d) Any other person as to whom the parties and the producing person agree in writing.

5. In the case of a document, a designation of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be accomplished by marking the document with the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

6. Information conveyed or discussed in testimony at a deposition shall be subject to this Order, provided that the information is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" orally or in writing either at the time of the deposition or after receipt by the parties of the transcript.

(a) For such time as any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is disclosed in a deposition, the party whose information or document that will be disclosed shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or document pursuant to this Order.

(b) In the event that a party believes that "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information will be disclosed during a deposition, counsel for the party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c) A party shall have thirty (30) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript in writing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate. If, within such thirty (30) days, neither party designates in writing certain portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," either party shall be permitted to use such portions of the transcript, and the information contained therein, with no restrictions of confidentiality.

7. This Order, and the designations "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," shall apply to all information and documents produced by the parties in the course of this lawsuit, including but not limited to depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery undertaken pursuant to the Federal Rules of Civil Procedure.

8. Nothing in this Order shall be construed to restrict the use or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or documents at trial or any other court proceeding; provided, however, that the use or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or documents at trial or any other court proceeding shall be addressed by this Court at the appropriate time.

9. The failure of a party to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The parties understand and acknowledge that a party's failure to designate information or documents as either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at or within the time specified in this Order relieves the other party of any obligation of confidentiality until the designation is actually made.

10. No information or document shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if such information or document:

(a) is in the public domain at the time of disclosure;

(b) becomes part of the public domain through no fault of the other parties;

(c) is acquired by the receiving party from a third party having the right to disclose such information or materials;

(d) was in the rightful and lawful possession of the receiving party at the time of disclosure; or

(e) is lawfully received by the receiving party at a later date from a party without restriction as to disclosure, provided such party has the right to make the disclosure to the receiving party.

11. No information or document shall be designated in a manner that would prevent any party to this litigation from reviewing such document or information if the party has a legal or contractual right to the document or information or any party needs to review the document or information to prepare a defense or prove a claim at issue in the action.

12. The attorneys of record for the receiving party shall retain the original, executed Declarations (in the form of Exhibit A, attached) that have been executed by that party, its experts, investigators, consultants, advisors, and contractors, pursuant to Paragraphs 3 and 4 above.

13. Unless otherwise required by the Court, whenever any document designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or any pleading containing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is filed with the Court, the party submitting such document or pleading shall file a motion for leave to file under seal, and shall do so in accordance with S.D. Ohio Civ. R. 5.2.1.

14. Unless otherwise permitted, within one hundred twenty (120) days after the conclusion of the lawsuit, including all appeals therefrom, all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," all copies of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all excerpts therefrom in the possession, custody or control of the parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. Outside counsel for a party may retain one (1) copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" for archival purposes only, but shall destroy or return all other copies of such documents, pleadings, trial exhibits, deposition exhibits, work product and transcripts. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 14 have been completed.

15. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and either party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the lawsuit, by judgment, dismissal, settlement, or otherwise.

16. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by either party of any information or documents that are currently in the party's lawful possession, custody, or control, that later come into the possession of the party from others lawfully in possession of such information or documents who are not parties to the lawsuit or bound by this or a comparable Order or

obligation, or that are required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a party is required to disclose the document or information designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the other party to afford that party the opportunity to seek legal protection from the disclosure of such information or documents.

17. In the event that any document or information is provided to opposing counsel without a "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation, and if counsel for the producing or designating party designates such inadvertently produced document or information pursuant to this Order within thirty (30) days of such disclosure, the receiving party shall, upon written request by the producing or designating party, retain all such information on a confidential basis. To the degree reasonably possible after such a request, such information or documents shall be fully subject to this Order as if they had been initially so designated.

18. This Order shall be without prejudice to the right of any party:

(a) to have determined by motion, at any time, whether any document or information has been improperly designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," in which event, the party contesting the assertion of confidentiality shall have the burden of establishing the non-confidentiality of the documents or information;

(b) to apply to the Court for relief from any of the requirements of this Order, for good cause; and

    (c)  to oppose discovery on grounds other than that the discovery sought is protected by this Order.

  19.  This Order shall not bar any attorney in the course of rendering advice to his client with respect to this lawsuit from conveying to any party client in this litigation his or her evaluation in a general way of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or documents, provided, however, that in rendering such advice and discussing such evaluation the attorney shall not disclose the specific contents of any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or documents produced by another party, which disclosure would be contrary to the terms of this Order.

  20.  Nothing contained in this Order shall prejudice the right of any party to this action to use information designated pursuant to it at any hearing or at trial in this action, including briefing, provided that any pre-trial use shall be made only under the terms and conditions of this Order, including the provisions of Paragraph 13 hereof, and nothing in this Order shall prevent the parties from providing, showing, or communicating any information to the Court if required in any proceeding herein or from seeking modification of the terms of this Order.

  21.  A person objecting to any information or documents marked under this Order may, after making a good faith effort to resolve any such objection with the producing or designating party, apply to this Court for a ruling that the information or materials shall not be so designated. The producing or designating party shall bear the burden of demonstrating the designation is appropriate under the circumstances based upon a showing of good cause. If such a showing is not made to the satisfaction of the Court, the information shall no longer be treated as subject to this Order unless the Court otherwise directs. While such motion is pending the material designated under this Order shall continue to be treated as and subject to pursuant to this Order.

22. All references to "days" in this Order shall be construed as calendar days unless specifically identified as otherwise.

23. In the event discovery is taken of any person not a party to this lawsuit ("Third Party"), such Third Party may elect to avail itself of and be bound by the terms of this Order by executing and filing a stipulation to that effect in the form of Exhibit B, attached. The Third Person shall be provided a copy of this Order.

24. The parties agree to abide by and be bound by the terms of this Order upon signature as if the Order had been entered on that date.

25. All persons with knowledge of information or in possession of a document that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall exercise reasonable and appropriate care with respect to the storage, custody, and use of such information to ensure that the confidentiality of such information is maintained.

26. The parties may, by stipulation in writing, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Order.

Signed this 10th day of February 2020.

\*s/Thomas M. Rose

U.S. DISTRICT JUDGE THOMAS M. ROSE

By: *s/ Daniel J. Gentry*
    Daniel J. Gentry (0065283)
    COOLIDGE WALL CO., L.P.A.
    33 W. First Street, Suite 600
    Dayton, OH 45402
    Phone: 937-223-8177
    Fax:    937-223-6705
    Email: gentry@coollaw.com

*Trial Attorney for Plaintiffs*
*Geoshack Canada Company and*
*GNA Canadian Holding Company*

OF COUNSEL:
Zachary B. White (0096014)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH 45402
Phone: 937-223-8177
Fax:    937-223-6705
Email: white@coollaw.com

By: *s/ Adam P. Richards*
    Adam P. Richards (0085335)
    Barton R. Keyes (0083979)
    COOPER & ELLIOTT, LLC
    2175 Riverside Drive
    Columbus, OH 43221
    Phone: 614-481-6000
    Fax:    614-481-6001
    E-Mail: adamr@cooperelliott.com
           bartk@cooperelliott.com

*Trial Attorneys for Defendant*
*Daniel W. Hendriks*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| GEOSHACK CANADA COMPANY, et al. | : | CASE NO. 3:19-cv-00158 |
| | : | |
| Plaintiffs, | : | DISTRICT JUDGE THOMAS M. ROSE |
| | : | |
| vs. | : | |
| | : | |
| DANIEL W. HENDRIKS | : | EXHIBIT A TO STIPULATED |
| | : | <u>PROTECTIVE ORDER</u> |
| Defendant. | : | |

_____

_____, declares and undertakes as follows:

1. My address is _____
_____.

2. My present employer is_____
_____.

3. My present occupation or job description is _____
_____.

4. I have received and read a copy of the Stipulated Protective Order issued by this Court in the lawsuit identified in the above caption (the "Protective Order"). I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Protective Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Protective Order, any information or document disclosed to me pursuant to that Protective Order.

5. To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the limited

purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

6. I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies or other reproductions thereof made by me, for me, or at my direction, in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order. I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

7. I agree (a) to notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Protective Order, (b) to provide them with an unsigned copy of this Declaration for their signature, (c) to obtain their signature on the Declaration before disclosing to them any Confidential Information or Material, (d) to provide the original, executed Declarations to counsel of record for the party who provided me with the Protective Order, and (e) to obtain and keep, throughout this litigation and for a period of two years after termination of this litigation by settlement or final judgment, copies of all such Declarations after they have been properly signed by all such personnel.

8. I declare under penalty of perjury that all of the above declarations are true and correct.

Date: _____

                                            _____
                                            [SIGNATURE]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| GEOSHACK CANADA COMPANY, et al. | : | CASE NO. 3:19-cv-00158 |
| Plaintiffs, | : | DISTRICT JUDGE THOMAS M. ROSE |
| vs. | : | |
| DANIEL W. HENDRIKS | : | EXHIBIT B TO STIPULATED |
| | : | <u>PROTECTIVE ORDER</u> |
| Defendant. | : | |

_____

_____, a non-party from whom discovery has been requested, agrees to join in and be bound by the Stipulated Protective Order issued by the Court in the lawsuit in the above caption on _____.

Date: _____

_____
[NAME OF PARTY]

_____
[SIGNATURE]

_____
[TITLE]